COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION

| | |
|---|---|
| Jessica M. Wood,<br>    Complainant | :<br>:<br>: |
| v. | :<br>:   **DOCKET NO. 2022-04** |
| Pennsylvania Department of State,<br>    Respondent | :<br>:<br>: |

**FINAL REPORT OF THE OFFICE OF GENERAL COUNSEL**

I. **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Complainant Jessica Wood commenced this action on or about October 3, 2022, by filing with the Commonwealth of Pennsylvania Department of State (the "Department") a verified Statement of Complaint Form ("Complaint") under the Pennsylvania Election Code ("Code"), 25 P.S. § 3046.2, against Respondent Pennsylvania Department of State, Bureau of Commissions, Elections and Legislation, alleging violations of Title III of the Help America Vote Act, 52 U.S.C. § 21083 ("HAVA"). In accordance with Section 1206.2(c)(1) of the Code, 25 P.S. § 3046.2(c)(1), the Department forwarded the Complaint within three business days of receipt to the Commonwealth of Pennsylvania Office of General Counsel ("OGC") on or about October 6, 2022.

Pursuant to Section 1206.2(c)(2) of the Code, 25 P.S. § 3046.2(c)(2), because the parties did not reach an agreement within 20 days of the Complainant's filing, the Department filed a written response to the Complaint on October 24, 2022, a copy of which was provided to Complainant pursuant to Section 1206.2(c)(3) of the Code, 25 P.S. § 3046.2(c)(3).

Complainant did not request a hearing as was their right under Section 1206.2(c)(3)-(4) of the Code, 25 P.S. § 3046.2(c)(3)-(4). Having considered the written submissions of the parties,

1

Exhibit C

the undersigned Office of General Counsel attorney, Rodney R. Akers, Esq., submits this Final Report and Order within ninety days after the October 3, 2022 filing of the Complaint.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The undersigned hereby makes the following proposed findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Complainant Jessica Wood is a Pennsylvania resident with an address at ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Complainant's Statement of Complaint, at 1.

2. The Pennsylvania Statewide Uniform Registry of Electors ("SURE") system is Pennsylvania's centralized voter registration and election management system developed and implemented to comply with HAVA and with Act 3 of 2002, 25 Pa.C.S. § 1222. Respondent's Answer at 2.

3. The Department manages and oversees the SURE system, which ensures the accuracy and integrity of voter registration records maintained by the election authorities in each county. The SURE system also facilitates determinations of voter eligibility, maintains precinct data, and produces poll books. Respondent's Answer at 3-5.

### CONCLUSIONS OF LAW

1. The Help America Vote Act of 2002, 52 U.S.C. 20901 *et. seq.* ("HAVA"), enacted after the 2000 U.S. Presidential election, was designed to achieve reforms "to improve our country's election system." *See* H.R. REP. No. 107-329, at 31 (2001). HAVA was passed to ensure that eligible voters would not be disenfranchised and that voting and election administration systems will "be the most convenient, accessible, and easy to use for voters" and "will be

Exhibit C

nondiscriminatory and afford each registered and eligible voter an equal opportunity to vote and have that vote counted." 52 U.S.C. § 20981.

2. HAVA also contains Title III, entitled "Uniform and Nondiscriminatory Election Technology and Administration Requirements, 52 U.S.C. §§ 21081 – 21102, which, *inter alia*, covers the following categories: Voting systems standards (Section 301), Provisional voting and voting information requirements (Section 302), Computerized statewide voter registration list requirements and requirements for voters who register by mail (Section 303).

3. Section 402 of HAVA requires a state, like Pennsylvania, that has received any payments under HAVA to set up a state-based administrative complaint procedure to remedy any grievances for those who believe that a violation of any provision of Title III has occurred, is occurring, or will occur. 52 U.S.C. § 21112(a).

4. In Pennsylvania, the procedure for making complaints of claimed Title III violations pursuant to Section 402 is provided for in Section 1206.2(a) of the Pennsylvania Election Code, 25 P.S. § 3046.2(a).

5. Neither the procedure contemplated by Section 402 of HAVA, nor the procedure provided by Pennsylvania law allows for asserting complaints with respect to or addressing any claimed violation of law outside of the administration of Title III of HAVA.

6. The undersigned does not have any authority under Section 402 of HAVA or the procedures for addressing HAVA complaints under the Pennsylvania Election Code or any other statute to make a determination as to any alleged violations of laws other than Title III of HAVA.

7. Section 303 of HAVA requires that each state shall implement a "single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the state level" containing the name and registration information of every

Exhibit C

legally registered voter in the state. 52 U.S.C. § 21083(a)(1). The state is required to coordinate the computerized list with other agency databases within the state and provide immediate electronic access to election officials, including local election officials, so that they may be able to enter information into the list. *Id.* The Department, acting through the Secretary of State, has the responsibility to implement and has implemented such a list through the SURE system.

8. Section 303 of HAVA further provides that state and local election officials shall conduct list maintenance consistent with other statutes, including the National Voter Registration Act, 52 U.S.C. § 20501 *et seq.* ("NVRA"), so that ineligible voters are removed and that eligible voters are not removed, and provide adequate security measures to prevent unauthorized access to the list. 52 U.S.C. § 21083(a) (2-4).

9. The state is further required, pursuant to Section 303 of HAVA, to obtain certain information from applicants seeking voter registration and to enter into agreements with the state motor vehicle authority (who shall enter into an agreement with the Commissioner of Social Security) to verify the accuracy of information in the voter registration system. 52 U.S.C. § 21083(a)(5).1.

10. Section 303(c) of HAVA provides that the last 4 digits of a social security number shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974. 52 U.S.C. § 21083(c).

11. Complainant has not met the legal burden of establishing that the Respondent violated HAVA, 52 U.S.C. § 21083 as there was no evidence adduced by the Complainant in their Complaint, they did not request a hearing as permitted in accordance with the Code, nor did the Complainant submit any other information to substantiate their allegations.

Exhibit C

## III. ANALYSIS AND DISCUSSION

This matter involves alleged violations of the Help America Vote Act, 52 U.S. Code § 21083 (Pub. L. 107-252, title III, § 303, Oct. 29, 2022, 116 Stat. 1708 ("HAVA"). The Complaint alleges, *inter alia*, that Respondent is violating HAVA by failing to independently verify the citizenship status of potential voter registrants, or confirm the identity of such voters through matches with different registration numbers.

Complainant also has alleged that the Respondent violated statutes other than HAVA including the National Voter Registration Act, 52 U.S.C. § 20501 *et seq*. ("NVRA") and possibly, the federal and state constitutions. As this process is conducted exclusively under HAVA, the undersigned is appointed under the Commonwealth's HAVA complaint procedures and is not empowered to address claims outside HAVA, the undersigned does not make a determination as to any claims asserted by Complainant that do not arise under HAVA.

HAVA was enacted after the 2000 Presidential Election to help states update their election technologies and make it easier for citizens to register to vote and to vote. Title III of HAVA includes provisions regarding voting systems standards, provisional voting and requirements for a computerized statewide voter registration list (Section 303, 52 U.S.C. § 21083). Complainant commenced this proceeding by the filing of a complaint pursuant to the process outlined in Section 402 of HAVA, 52 U.S.C. § 21112(a), which requires states that have accepted payments under HAVA to set up an administrative complaint procedure for those who claim a violation of Title III of HAVA. *See also* 25 P.S. § 3046.2.

Complainant has not established their claim that a violation of Title III of HAVA has occurred, is occurring or is about to occur. Put differently, Complainant has not established that

Exhibit C

the Department has violated, is violating, or will violate Section 303. That section requires that each state shall implement a "single, uniform, official, centralized interactive computerized statewide voter registration list defined, maintained and administered at the state level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. §21083(a)(1)(A). There has been proffered no evidence that the Respondent has failed to do so. In addition to failing to meet their burden of proving any of the claims alleged in the Complaint, Complainant also argued that the Department has violated other laws and the federal and state constitutions. Those efforts to salvage any kind of plausible legal claim also fail as they are beyond the purview of this proceeding or the authority of the undersigned.

The only issue here is whether Complainant has proven a violation of Section 303. They have not done so. Complainant relies solely on their Statement of Complaint form. There does not appear to be a genuine dispute as to the substance of the Department's efforts to promote eligible voter registration as intended by HAVA. Rather, the principal disagreement appears to focus on whether certain registration requirements of Pennsylvania must be met as part of the HAVA process. The evidence submitted by the Department in its written response to the Complaint, uncontested by the Complainant, amply demonstrates that Pennsylvania's SURE system complies with the requirements in Section 303.

### Respondent Has Not Violated Title III of HAVA Through Its Administration of SURE

One of the key features of Title III was and remains the administration of voter registration lists. Complainant and Respondent do not dispute that HAVA requires "each state . . . [to] implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at

Exhibit C

the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

In addition to this centralized statewide list, HAVA prohibits the acceptance or processing of an application for voter registration unless it includes a driver's license number ("DL"), the last four digits of a social security number ("SSN4"), or a statement reflecting that the applicant has not been issued either a current and valid driver's license or a social security number. Id. § 21083(a)(5)(A).

The Department avers that this requirement is used to distinguish voters who might have the same name or birth date - not to deny eligibility. The language of the statute as well as its legislative history strongly support this assertion: this requirement was meant as an administrative safeguard for storing and managing the official list of registered voters and not to restrict voter eligibility. Id. § 21083(a)(1)(A); 148 Cong. Rec. S10488- 02, *S10490 (daily ed. Oct. 16, 2002); H.R. Rep. 107-329(I), at 36 (2001) ("It is likely that states will find it necessary to create a unique identifier to distinguish registered voters who happen to have the same name and/or birth date. The unique identifier so created will be used to assure that list maintenance functions are attributable to the correct voter; to avoid removing registrants who happen to have the same name and birth date as a felon, for example."). It should be noted as well that Section 21083(a)(5) requires that an applicant without a DL or SSN4 be given a unique identification number prior to registration. Accordingly, the Complainant's claim that HAVA requires a state to match a DL or SSN4 is without foundation, given that the statute explicitly does not require an applicant to have either.

**<u>Respondent Has Not Violated Title III of HAVA With Respect To Its 2018 Directive</u>**

Exhibit C

The Complainant also avers that the Department misapplied a directive it issued in 2018 to clarify and specify legal processes relating to HAVA-matching of drivers' license numbers (or PennDOT ID card numbers) and Social Security numbers when voters submit new voter registration applications or an application to reactivate a cancelled record. Specifically, the Department issued a one-page communication entitled *Directive Concerning HAVA –Matching Drivers' Licenses or Social Security Numbers for Voter Registration Applications* ("Directive"), which provides direction to counties that a failure to match a SSN4 or DL number for a voter registration application should *not* serve as the basis to reject a voter registration application, a position that is consistent with HAVA. Despite Complainant's assertions to the contrary, the Directive does not indicate that a subsequent analysis of other factors cannot serve as a basis for voter approval or rejection: Pennsylvania law requires that counties analyze registration applications to ensure that a prospective voter does have the qualifications to vote.[1] However, HAVA prohibits such analysis and prohibits the reliance on the failure of a provided social security number or Pennsylvania driver's license to match with those databases as a basis to deny voter registration to an applicant.

### Complainant's Remaining Assertions are Outside of the Jurisdiction of this Proceeding.

In the Complaint, Complainant asserts that they are seeking relief under Title III of HAVA and a determination that the alleged conduct violates the Act. Complainant also appears to seek relief and a determination that the Department has violated the NVRA, and United States and Pennsylvania Constitutions in an attempt to aver that allowing non-citizens to register to vote is illegal. To the extent that any such claims are asserted, such claims fall outside the scope of this

---

[1] The analysis of a voter registrant's application is a duty of counties. 25 Pa.C.S. §§ 1321 – 1330.

Exhibit C

proceeding. As Section 1206.2(a) of the Election Code makes clear, this instant procedure is limited to complaints of purported HAVA Title III violations pursuant to Section 402, 25 P. S. § 3046.2(a). Accordingly, the undersigned lacks authority to address claims outside of Title III of HAVA and cannot not do so in the absence of jurisdiction.

IV. **CONCLUSION AND DETERMINATION**

Having reviewed the Complaint in this matter, Respondent's response thereto, and have given these matters thorough consideration, the undersigned concludes that Complainant has not established a violation of Title III of HAVA that has occurred, is occurring or will occur. Accordingly, it is determined that the Complaint in this matter be dismissed. Upon consideration of the foregoing, it is also determined that the undersigned does not have any authority to consider or make recommendations as to any claims outside the scope of Title III of HAVA. To the extent Complainant raised any additional such claims in this proceeding, the undersigned makes no determination as to those non-HAVA claims. As there is no finding of a violation of Title III of HAVA, the undersigned did not need to prepare a remedial plan and has not done so.

SUBMITTED BY:

*[signature]*

Rodney R. Akers
**Office of General Counsel**

**Dated January 3, 2023**

Exhibit C

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF STATE
## BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION

| | |
|---|---|
| **Jessica M. Wood,** | : |
| **Complainant** | : |
| | : |
| v. | : |
| | : DOCKET NO. 2022-04 |
| **Pennsylvania Department of State,** | : |
| **Respondent** | : |

### ORDER

**WHEREAS,** Complainant Jessica Wood commenced this action on October 3, 2022, by filing with the Commonwealth of Pennsylvania Department of State (the "Department") a Statement of Complaint Form ("Complaint") in accordance with 25 P.S. § 3046.2 against Respondent, the Department, alleging violations of the Help America Vote Act, 52 U.S. Code § 21081 – 21102 ("HAVA");

**WHEREAS,** pursuant to Section 1206.2(c)(1) of the Pennsylvania Election Code (the "Code"), 25 P.S. § 3046.2(c)(1), within three business days of receipt, the Department forwarded the Complaint to the Commonwealth of Pennsylvania Office of General Counsel ("OGC") on October 6, 2022;

**WHEREAS,** pursuant to Section 1206.2(c)(2) of the Code, 25 P.S. § 3046.2(c)(2), because the parties did not reach an agreement within 20 days, the Department filed a written response to the Complaint on October 24, 2022, a copy of which was provided to the Complainant pursuant to Section 1206.2(c)(3) of the Code, 25 P.S. § 3046.2(c)(3);

**WHEREAS,** Complainant did not request an informal hearing as was their right under Section 1206.2(c)(3)-(4) of the Code, 25 P.S. § 3046.2(c)(3)-(4);

**WHEREAS,** having considered the written submissions of the parties,

Exhibit C

**AND NOW**, it is hereby ORDERED and DECREED:

1. The Complainant has not established any violation of Title III of the Help America Vote Act, 52 U.S.C. §§ 21081 – 21102, that has occurred, is occurring or will occur.

2. The Complaint in this matter is dismissed.

3. The Office of General Counsel does not have authority to consider claims in this matter outside the scope of Title III of the Help America Vote Act, 52 U.S.C. §§ 21081 – 21102, and to the extent the Complainant raised any additional claims in these proceedings, the undersigned makes no determination as to those claims.

**Rodney R. Akers**
**Office of General Counsel**

Dated: January 3, 2023

Exhibit C

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF STATE**
**BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION**

| | |
|---|---|
| **Jessica M. Wood,** : | |
|     **Complainant** : | |
| : | |
| v. : | |
| : | **DOCKET NO. 2022-04** |
| **Pennsylvania Department of State,** : | |
|     **Respondent** : | |

## NOTICE OF FINAL REPORT AND ORDER
## AND PROOF OF SERVICE

I, Rodney R. Akers, hereby certify that on this 3rd day of January, 2023, I filed the Final Report and Order with the Office of General Counsel, Commonwealth of Pennsylvania, and further state that I sent copies of the Final Report and Order to the parties, by electronic mail as follows:

*For Complainant*:  Jessica M. Wood



*For Respondent*:  John M. Hartzell, Deputy Chief Counsel
Kathleen A, Mullin, Assistant Counsel
Gregory M. Darr, Assistant Counsel
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736

                                              **Rodney R. Akers**
                                              **Office of General Counsel**

**Dated January 3, 2023**

Exhibit C

## CERTIFICATE OF SERVICE

I, Kathleen A. Mullen, do hereby certify that on September 12, 2023, I caused the foregoing copy of this document to be served via email and U.S. mail upon the following:

Heather Honey
1451 Quentin Rd., Ste. 232
Lebanon, PA 17042
Heather@verityvote.us

Erick G. Kaardal
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Ste. 3100
Minneapolis, MN 55402
kaardal@mklaw.com

*/s/ Kathleen A. Mullen*
Kathleen A. Mullen

Exhibit C