# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hon. Guy Reschenthaler, a member of the U.S. House of Representatives, et al., | Civil No. 1:24-CV-01671 |
| Plaintiffs, | |
| v. | **Proposed Order** |
| Al Schmidt, in his official capacity as Secretary of the Commonwealth, et al., | |
| Defendants. | |

The Plaintiffs brought this action on September 30, 2024, alleging that Pennsylvania Department of State's policy, "position," directives and guidance to exempt UOCAVA applicants from any verification of identity and eligibility is preempted by the federal Uniformed and Overseas Citizens Absentee Voting Act of 1986 (UOCAVA) and the Help America Vote Act of 2002 (HAVA).

Plaintiffs moved for an order preliminarily enjoining enforcement of Directive as applied to UOCAVA voters, and the parties each submitted certain evidence supported by declarations; and

The Court held oral argument on _____; and

Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the evidence received by the Court at the hearing on Plaintiffs' motion for a preliminary injunction

1

would be admissible upon a trial on the merits and would become part of the record on such a trial.

NOW THEREFORE, the Court hereby finds and ORDERS as follows:

1. The Court does issues a permanent injunction enjoining the Defendants, their employees, agents, representatives and successors in office to NOT instruct county boards to tabulate ballots or count votes cast by UOCAVA applicants absent the verification of identity and eligibility through the HAVA matching process or, for applicants who declare that they do not have a DLN or SSN4, by the receipt of required alternative identification sufficient to verify identity and eligibility, including residency, by no later than the sixth day after the election. In accordance with the foregoing:

    a. Defendants shall, within 24 hours of this order, instruct county boards of the requirement to examine all UOCAVA applications to determine if the applicant provided a driver's license number or a social security number. For all such UOCAVA applications, the county officials must attempt to match the applicant's driver's license number, state identification card number, or last four digits of his or her social security number with the records of the Pennsylvania Department of Transportation or the Social Security Administration

    b. If UOCAVA applicant's information is successfully matched to the government database and the residency of the application is verified, the applicant shall be marked as verified and their ballot shall be accepted and counted.

c. For UOCAVA applications that do not include a driver's license number, state identification number or a social security number, the election officials must determine if the applicant provided approved alternative documents sufficient for the officials to verify identity and eligibility including residency. If the county board verifies the information on the application, the applicant shall be marked as verified and their ballot shall be accepted and counted.

d. If Defendants are unable to match an applicant's driver's license number, state identification card number, or last four digits of his or her social security number, but the applicant presents or submits to an election official an approved alternative form of identification sufficient to establish identity and eligibility including residency, the applicant shall be marked as verified and their ballot shall be accepted and counted.

e. If the county election official determines that the information provided on the UOCAVA application does not match the information contained in a verification database, or that the applicant omitted identification information, the board shall contact the applicant in order to: (1) inform him or her of the disparity or omission, (2) provide a meaningful opportunity for the applicant to correct or to provide the information required (3) explain the consequences of failing to reply and (4) provide the deadline for receipt of the information.

2. All UOCAVA ballots for the November 5, 2024 election returned by applicants shall be segregated and not pre-canvassed or canvassed until the above application review and verification of identity and eligibility has been completed.

3. This Order constitutes a final order and judgment pursuant to Rule 54 resolving the merits of this action.

4. This Court retains jurisdiction of this action to enforce the terms of this Order.

IT IS SO ORDERED.

Dated: _____, 2024     _____
U.S. District Court Judge