**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HON. GUY RESCHENTHALER, et al. | ) ) | |
| Plaintiffs, | ) ) | Civil No. 1:24-CV-01671 |
| v. | ) ) | The Hon. Christopher J. Connor United States District Judge |
| AL SCHMIDT, et al., | ) ) | |
| Defendants. | ) ) ) | |

<u>**MOTION TO INTERVENE OF
THE DEMOCRATIC NATIONAL COMMITTEE AND
THE PENNSYLVANIA DEMOCRATIC PARTY**</u>

Pursuant to Fed. R. Civ. P. 24, proposed intervenors, the Democratic National Committee ("DNC") and the Pennsylvania Democratic Party ("PDP"), file this Motion to Intervene move to intervene in this case as of right or, in the alternative, for permissive intervention.  In this action, five incumbent members of Congress seek to inhibit the participation of tens of thousands of Pennsylvania voters—including many thousands of military voters—in the 2024 election, even though that participation is guaranteed by the federal Uniformed and Overseas Citizens Absentee Voting Act.  They do so in a filing made after those voters already have been sent ballots that relies on a law that provides them no privately enforceable right of action and that contorts both federal and state law beyond recognition.  Proposed Intervenors seek to participate in the case to ensure their

members, including these voters, may vote for their candidates of choice, including those nominated by the Democratic party.

## **Proposed Intervenors**

1.     The DNC is a national committee (as that term is defined under 52 U.S.C. § 30101) dedicated to electing local, state, and national candidates of the Democratic Party to public office throughout the United States, including in Pennsylvania.   The DNC's membership and constituents in the Commonwealth include past and future individuals qualified to vote in Pennsylvania, and past and future candidates for offices across the Commonwealth.

2.     The Pennsylvania Democratic Party ("PDP") is the DNC's coordinate party within the Commonwealth and is the largest political party by registration in Pennsylvania.    As of last month, 3,941,247 registered voters in Pennsylvania are PDP members.  *See Voting & Election Statistics*, PA DEP'T OF STATE, *available at* https://www.pa.gov/en/agencies/dos/resources/voting-and-elections-resources/voting-and-election-statistics.html (last visited October 3, 2024).    The PDP is a "major political party" as defined in the Pennsylvania Election Code.  25 P.S. § 2601.   It regularly nominates individuals for Pennsylvania's federal, state, and local offices.

3.     The DNC and PDP have dedicated significant resources to encourage their supporters and constituents to vote, including by mail and absentee ballot.

2

**Parties and Nature of the Action**

4.      Plaintiffs are Republican members of the U.S. House of Representatives and political candidates in the upcoming elections who, after mail and absentee ballots have been issued, challenge the right of Pennsylvanians who reside overseas to vote in those elections.

5.      Defendants are the Secretary of the Commonwealth and the Deputy Secretary of the Commonwealth for Elections and Commissions.

6.      Citing the federal Uniform and Overseas Citizens Absentee Voting Act ("UOCAVA"), which confers certain voting rights on members of the military, their family members and non-military citizens of the United States who live abroad, Plaintiffs allege that guidance and directives issued by the Secretary and Deputy Secretary have the effect of exempting Pennsylvania citizens who live abroad from certain requirements for verification of their right to vote in the Commonwealth.

**Standards for Intervention**

7.      Federal Rule of Civil Procedure 24 governs intervention by non-parties. As to intervention of right, Rule 24(a) provides that "[o]n a timely motion, the court must permit anyone to intervene:

> claims an interest relating to the property or
> transaction that is the subject of the action,
> and is so situated that disposing of the action
> may as a practical matter impair or impede
> the movant's ability to protect its interest,

unless existing parties adequately represent
that interest.

b.    Permissive Intervention

1.    In General.  On timely motion, the court
may permit anyone to intervene who:

….

(b)    has a claim or defense that shares with
the main action a common question of
law or fact.

….

3.    Delay or Prejudice.  In exercising its
discretion, the court must consider whether
the intervention will unduly delay or
prejudice the adjudication of the original
parties' rights.

8.    Applying Rule 24, the Third Circuit has held that a party may intervene

as of right if it can demonstrate: "(1) a sufficient interest in the litigation; (2) a threat

that the interest will be impaired or affected, as a practical matter, by the disposition

of the action; and (3) that its interest is not adequately represented by the existing

parties to the litigation." *Pennsylvania v. President United States of America*, 888

F.3d 52, 57 (3d Cir. 2018).

**Reasons To Allow Intervention**

9.    The DNC and PDP are entitled to intervene as of right in this action

under Rule 24(a).  In the alternative, the DNC and PDP seek permissive intervention

under Rule 24(b).

4

10.      Consistent with their core mission of helping Democratic candidates win election to office, the DNC and PDP have vital interests that warrant intervention and participation in in lawsuits regarding the fundamental right to vote, including cases involving election procedures that could affect that right.  Federal courts therefore routinely permit political parties to intervene in such cases.  *See, e.g., Stein v. Cortes,* 223 F.Supp.3d 423 (E.D. Pa. 2016); *Pierce v. Allegheny Cnty. Bd. of Elections*, 324 F.Supp.2d 684 (W.D. Pa. 2003); *Orloski v. Davis*, 564 F.Supp. 526 (M.D. Pa. 1983); *see also, e.g.*, *Paher v. Cegavske*, 2020 WL 2042365, at *4 (D. Nev. Apr. 28, 2020); *Democratic Party of Georgia, Inc. v. Crittenden*, 347 F.Supp.3d 1324 (N.D. Ga. 2018).

11.      Under Third Circuit precedent, an intervenor "must demonstrate that [its] legal interests may be affected or impaired[ ] as a practical matter by the disposition of the action."  *President*, 888 F.3d at 59.  Impairment is a "diminution, however small, in strength, value, quality, or quantity."  6 Moore's Fed. Practice, § 24.03(3)(a).  Courts "'may consider any significant legal effect on the applicant's interest,' including a decision's *stare decisis* effect or a proposed remedy's impact on the applicant for intervention."  *President*, 888 F.3d at 59.  Pennsylvania also follows a "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks."  *Id*.

5

12.    The relief that Plaintiffs demand here—setting aside tens of thousands of ballots cast by lawfully registered military and overseas voters—would directly and substantially impair the rights and interests of the DNC and PDP.  The DNC's and PDP devote substantial time and resources to campaigning for their candidate-members' elections, get-out-the-vote efforts, and voter education and protection programs.  If granted, Plaintiffs' requested relief would require the DNC and PDP to divert their scarce resources toward the "verify[cation]" of "the identity and eligibility" of military and overseas voters who cast ballots in the 2024 election.  Dkt. 1 ("Compl.") at 37.

13.    Many Democratic voters registered in Pennsylvania reside overseas and intend to vote in the November elections.  Democratic candidates running for office in Pennsylvania also expect to receive votes from those voters.  Plaintiffs' requested relief thus threatens the ability of registered Democrats to cast a ballot and hence the electoral prospects of Democratic candidates.  All of this implicates the DNC's and PDP's interests.

14.    The Defendants are public officials, and do not share the DNC's and PDP's interests in seeking to ensure that their candidates prevail.

15.    The proposed intervention is timely.  Plaintiffs filed their action just four days ago and served their filing on the Commonwealth defendants only yesterday. No significant progress has been made in the litigation to date, and Proposed

Intervenors would abide by any schedule the Court set for briefing or other action by the parties.

16.   Alternatively, the DNC and PDP meet the requirements for permissive intervention under Rule 24(b) because their claims and/or defenses will share common questions of law with the main action.

17.   For example, the DNC and PDP expect to argue that the complaint should be dismissed because Plaintiffs lack Article III standing to pursue their claim. Specifically, the complaint fails to allege facts sufficient to establish a cognizable injury-in-fact and Plaintiffs' alleged injuries are not redressable through injunctive relief against the named defendants.  Plaintiffs also lack a private cause of action to enforce the provisions of the Help America Vote Act upon which their claim is based. *See American Civil Rights Union v. Philadelphia City Commissioners*, 872 F.3d 175, 181 (3d Cir. 2017).  The DNC and PDP also expect to argue (1) that the injunctive relief Plaintiffs seek is further unavailable because granting Plaintiffs' request for segregation of UOCAVA ballots would require binding non-parties (the 67 county boards of elections), which is prohibited by Rule 65(d)(2), and (2) that Plaintiffs' delay in bringing this action precludes relief under both the doctrines of laches and the Supreme Court's decisions in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam), and its progeny.

18.    Rule 24(c) provides that a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).  Nevertheless, "the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right," and may be disregarded at this early stage of the proceedings, particularly where the action was "filed just days ago, and no further briefing has been received." *Donald J. Trump for President, Inc. v. Boockvar*, No. 4:20-CV-02078, 2020 WL 8262029, at *2 n.6 (M.D. Pa. Nov. 12, 2020) (citing *PPL Energyplus, LLV v. Solomon*, 2011 WL 13128622, at *3 (D.N.J. July 19, 2011)).

19.    Rule 24(c)'s pleading requirement likewise may be relaxed where, as here, the motion to intervene provides "enough notice to the other parties of what [the Proposed Intervenors'] position would be in the litigation." *See Associated Builders & Contractors of Western Pennsylvania v. County of Westmoreland*, 2020 WL 571691, at *3 (W.D. Pa. Jan. 21, 2020) (citing *United States v. Metropolitan St. Louis Sewer District*, 569 F.3d 829 (8th Cir. 2009); and *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 474 (9th Cir. 1992)); *see also supra* ¶18.

20.    Should this motion be granted, the DNC and PDP will submit a response to the complaint no later than the date on which defendants' response is due.

For these reasons, the DNC and PDP ask this Court to grant this motion.

Dated:  October 4, 2024

WILMER CUTLER PICKERING
HALE AND DORR LLP

Seth P. Waxman
   (*pro hac vice* forthcoming)
Wilmer Cutler Pickering Hale and
   Dorr LLP
2100 Pennsylvania Ave. N.W.
Washington, D.C. 20037
(202) 663-6000
seth.waxman@wilmerhale.com

Nicholas Werle
   (*pro hac vice* forthcoming)
Wilmer Cutler Pickering Hale and
   Dorr LLP
7 World Trade Center
250 Greenwich St.
New York, New York
(212) 230-8800
nick.werle@wilmerhale.com

Respectfully Submitted,

DENTONS COHEN & GRIGSBY P.C.

By:  */s/ Clifford B. Levine*
   Clifford B. Levine
   David F. Russey
   Dentons Cohen & Grigsby P.C.
   625 Liberty Avenue 5th Floor
   Pittsburgh, Pennsylvania 15222
   (412) 297-4998
   clifford.levine@dentons.com
   david.russey@dentons.com

*Attorneys for Proposed Intervenors the
Democratic National Committee and the
Pennsylvania Democratic Party*

9

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

In accordance with Local Rule 7.1, counsel for the Proposed Intervenor sought the concurrence in this motion from the parties.  Proposed Intervenors' counsel contacted Plaintiffs' counsel by email on October 3, 2024, and as of the time of filing, Plaintiffs' counsel has not responded.  Proposed Intervenors' counsel contacted counsel for the Defendants by email on October 3, 2024. Counsel for the Defendants does not object to intervention.

*/s/ Clifford B. Levine*
Clifford B. Levine

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing PROPOSED

INTERVENORS' MOTION TO INTERVENE was filed electronically on October

4, 2024.  Notice of this filing will be sent to the parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

         */s/ Clifford B. Levine*_____
           Clifford B. Levine