IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hon. Guy Reschenthaler, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Secretary Al Schmidt, *et al.*, <br><br> *Defendants*. | Case No. 1:24-cv-01671 <br> Hon. Christopher C. Conner |

MOTION OF AMERICA FIRST LEGAL FOUNDATION
FOR LEAVE TO PARTICPATE AS
*AMICUS CURIAE* AND FILE BRIEF

America First Legal Foundation ("AFL") respectfully moves for leave to participate as *amicus curiae* and to file the brief attached hereto as Exhibit 1 in support of Plaintiffs' Temporary Restraining Order and in opposition to Defendants' Motion to Dismiss. In support of this motion, AFL states as follows:

1. AFL is a nonpartisan, nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights

guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public. AFL has a history of providing *amicus curiae* briefs in similar matters, including briefs filed before the Arizona Supreme Court and the Supreme Court of the United States.

    2.    Courts have inherent authority and "broad discretion" in permitting participation by *amicus curiae*. *See, e.g., Wortham v. KarstadtQuelle AG*, 153 Fed. Appx. 819, 827 (3rd Cir. 2005). There is a strong basis for an *amicus* brief to be allowed when the *amicus curia* "has a 'special interest' in the particular case," interest in some other case that may be affected by the decision in the present case, or when the *amicus* has information or perspective that is "timely and useful" and can help the court. *Feesers, Inc. v. Michael Foods, Inc.*, 2006 U.S. Dist. LEXIS 103917 (M.D. Pa. 2006). Again, "[t]he extent … to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Wayne Land & Mineral*

*Group LLC v. Del. River Basin Comm'n*, 2016 U.S. Dist. LEXIS 173709 (M.D. Pa. 2016).

    3.    As a non-partisan, non-profit organization that focuses on ensuring due process and equal protection for all Americans and promoting the rule of law in the United States, AFL is in a unique position to provide the Court with timely and useful insights and perspectives not available from the parties to the pending action. The proposed *amicus* brief, while supportive of Plaintiffs' position, is not duplicative of Plaintiffs' filing, but rather provides further insight into the unlawful election practices currently enforced and encouraged by the Commonwealth. Specifically, the proposed *amicus* brief discusses the 2018 directive set forth by the Secretary of the Commonwealth to all 67 county boards of election to ignore the federal verification mandate of the Help America Vote Act ("HAVA"), Pub. L. No. 107-252, Oct. 29, 202022, 116 Stat. 1666, U.S.C. § 21082 *et seq*, and to register *any* applicant to vote even if an applicant's driver's license number or the last four digits of his social security number is invalid or cannot be verified. This is important for the Court as a decision made in this Pennsylvania case could have national implications, impacting AFL's core mission of promoting the rule of law and due process

protections for all Americans in the United States.

4. In this case, six current members of the U.S. House of Representatives seeking re-election in their respective Pennsylvania districts, and PA Fair Elections, an association of Pennsylvania voters dedicated to election integrity, are challenging the directives and guidance of Defendants Secretary of the Commonwealth Al Schmidt and Deputy Secretary for Elections Johnathan Marks to county officials to exempt Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") applicants from any verification requirements. This unlawful guidance poses the clear risk of disenfranchisement of not only legal voters in the Commonwealth of Pennsylvania, but nationwide, as the November 5, 2024, election is a Presidential Election year.

5. As stated above, AFL has filed *amicus* briefs in the past in support of election integrity, including briefs in the Arizona Supreme Court and the Supreme Court of the United States, demonstrating that the highest court in both Arizona and the United States have found granting leave to AFL to file an *amicus* brief to be beneficial to the Court.

6. The proposed *amicus* brief of AFL is timely.

7. For the foregoing reasons, AFL respectfully requests that this

Court grant leave to participate as *amicus curiae* in this case and to file the brief attached to this motion.

Dated: October 28, 2024				Respectfully submitted,

							*/s/ Walter S. Zimolong*
							WALTER S. ZIMOLONG III, ESQUIRE
							Zimolong, LLC
							Attorney I.D. 89151
							wally@zimolonglaw.com
							PO Box 552
							Tele: (215) 665-0842
							wally@zimolonglaw.com


							Laura Stell*
							AMERICA FIRST LEGAL FOUNDATION
							611 Pennsylvania Ave. SE, #231
							Attorney I.D. 334806
							Washington, D.C. 20003
							Telephone: (202) 836-7958
							laura.stell@aflegal.org

							*Attorneys for Amicus Curiae,*
							*America First Legal Foundation*

5

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Middle District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

                                        Respectfully submitted,

Dated:  October 28, 2024          */s/ Walter S. Zimolong III*
                                        WALTER S. ZIMOLONG III, ESQ.